DAN RAYFIELD
Attorney General
JAMES S. SMITH  #840932
Senior Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  James.S.Smith@doj.oregon.gov

NATHANIEL AGGREY  #172283
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email:  Nathaniel.Aggrey@doj.oregon.gov

Attorneys for Defendants Oregon Youth Authority, Adams, Brazeau, Jester, Mink, Peters, Lawhead, Conzoner, Humphreys, and Thompson

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| J.M., M.P., J.L., C.I., G.S., AND J.E., | Case No.  3:25-cv-01866-MC |
| Plaintiffs, | STATE DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST CLAIM |
| v. | **Oral Argument Requested** |
| OREGON YOUTH AUTHORITY, MARCIA ADAMS, KAREN BRAZEAU, ROBERT JESTER, BOBBY MINK, COLETTE PETERS, GARY LAWHEAD, MIKE CONZONER, DARIN HUMPHREYS, SID THOMPSON, AND UNKNOWN STAFFERS #1-15, | |
| Defendants. | |

Page 1 -    STATE DEFENDANTS' MOTION TO DISMISS
        JSS/km4/1003768747

## LR 7-1

The state defendants' counsel has conferred with plaintiffs' counsel; the parties were unable to reach agreement.

## MOTION

Pursuant to FRCP 12(b)(6) the state defendants (The State of Oregon by and through the Oregon Youth Authority ("OYA"), Brazeau, Jester, Mink, Peters, Lawhead, Conzoner, Humphreys and Thompson) move to dismiss plaintiffs' First Claim for Relief because the claim is not timely.  This motion is based upon the court's records and files herein and memorandum of Points and Authorities filed herewith.

## POINTS AND AUTHORITIES

### 1.    Background

Plaintiffs are men in their 20s and 30s who allege that they were sexually abused under the guise of medical care when they were in the custody of OYA between 2002 and 2012. Plaintiffs' First Claim for Relief is a Section 1983 claim against OYA Medical Director Dr. Marcia Adams, former OYA Directors Karen Brazeau, Robert Jester, Bobby Mink, and Colette Peters and former MacLaren Superintendents Gary Lawhead, Mike Conzoner, Darin Humphreys and Sid Thompson.  The Second Claim is for battery, the Third Claim is a negligence claim; these claims are brought against the state pursuant to the Oregon Tort Claims Act.

### 2.    State Defendants' Position

Plaintiffs allege that they were abused at MacLaren Youth Correctional Facility, sometime between 2002 and 2012, but did not commence this case until 2025.  The lawsuit on the federal claims has not been timely commenced, since the claim accrued at the time of the alleged abuse. Accordingly, the Section 1983 claim should be dismissed.

Page 2 -    STATE DEFENDANTS' MOTION TO DISMISS
JSS/km4/1003768747

**3.    Discussion**

**a)    Section 1983 Limitations and Claim Accrual Generally**

Section 1983 does not contain a statute of limitations but borrows the general personal injury statute in the state where the incident occurred. In Oregon, the statute borrowed is ORS 12.110, which allows two years to commence the case. *Bonneau v Centennial School District No. 28J,* 666 F.3d 577 (2012).  Tolling for minors in an Oregon Section 1983 case is governed by ORS 12.160, which allows for up to one year after a plaintiff reaches the age of majority.  *Id.*

The accrual of a Section 1983 claim is governed by federal law, not state law.  *Bonneau*, 666 F.3d at 580 (9th Cir. 2012).  Under federal law, the claim accrues "when plaintiff knew or in the exercise of reasonable diligence should have known of the injury and the cause of that injury". *Lukovsky v City and County of San Francisco*, 535 F.2d 1044, 1050 (9th Cir. 2008).

Plaintiffs allege that they were sexually abused under the guise of medical care sometime between 2002 and 2012.  The lawsuit was filed on October 16, 2025.  To survive a motion to dismiss, the court must conclude the factual allegations are sufficient to create an issue of fact that plaintiffs' Section 1983 claims accrued no earlier than October 16, 2023.

**b)    Plaintiffs' Allegations**

Plaintiffs' Complaint alleges three different legal theories on behalf of six different plaintiffs.  All plaintiffs were in OYA custody at varying times between 2002 and 2012.  All plaintiffs allege that they were sexually abused by an OYA physician named Edward Gary Edwards, who was acting under the guise of providing medical care.

Plaintiffs' 20 page Complaint starts with a single page entitled "Nature of the Action" which contains no numbered paragraphs but makes general allegations about what happened to plaintiffs at MacLaren, followed by 19 numbered paragraphs which identify and describe the PARTIES, followed by 25 numbered paragraphs of "GENERAL ALLEGATIONS" which include subheadings for "Doctor Cold Fingers", "OYA's Knowledge of Problems with Edwards", and "PREA Standards".  Beginning at Paragraph 46, the Complaint contains six to

Page 3 -    STATE DEFENDANTS' MOTION TO DISMISS
        JSS/km4/1003768747

eight paragraphs making specific allegations on behalf of each of the six plaintiffs.  Finally, at Paragraphs 83 through 110, the Complaint states plaintiffs' three claims for relief: 1) a Section 1983 Claim for violation of plaintiffs' substantive due process rights; 2) an Oregon Tort Claims Act ("OTCA") claim for sexual battery; and 3) an OTCA negligence claim.

Succinctly summarized, plaintiffs allege that under the guise of medical care, each of them endured sexual abuse at the hands of an OYA doctor, and that they did not realize the doctor's actions were sexual abuse until years later, when they learned through social or other media that Edwards' conduct was for his own sexual gratification and had happened to multiple other youths.  In the paragraphs making specific allegations on behalf of each individual plaintiff, there are allegations explaining each plaintiffs' argument as to why that plaintiff did not understand the doctor's actions to be "tortious conduct".

Missing from the Complaint are allegations that any of the plaintiffs were unconscious at the time of abuse or did not know that their private areas had been touched in a way that was unacceptable to them.  All knew they were being touched in a harmful way by a doctor employed by OYA.

### c)    Impact of the Allegations

The allegations of the Complaint seem to have been crafted in an effort to make an issue of fact under Oregon's state law "discovery rule".  But since federal claim accrual is governed by federal law, the sufficiency of the allegations must be analyzed under federal cases.

"Under federal law, a claim accrues when plaintiff knows or has reason to know of the injury which is the basis of the action." *TwoRivers v Lewis,* 174 F.3d 987, 991 (9th Cir. 1999). The "injury" is the harm alleged in the Complaint, not the "legal wrong" that renders the injury actionable. *Doe v County of Josephine,* 2015 WL 2412181 (D. Or. 2015), *affirmed* 687 Fed. Appx. 567 (9th Cir. 2017).  The *Doe* case is highly analogous to the case at hand.  In *Doe,* plaintiffs alleged they had been sexually abused as boys by a Josephine County juvenile probation officer in the 1980s and 1990s but did not file suit until 2015, when the plaintiffs were

Page 4 -    STATE DEFENDANTS' MOTION TO DISMISS

in their thirties and forties. Plaintiffs contended that there were issues of fact concerning claim accrual because they did not know until long after the abuse that their ongoing mental health issues had been caused by the abuse. The court found that plaintiff's federal claims accrued at the time plaintiffs recognized they had suffered some harm and knew the identity of the tortfeasor, even if a different kind of harm arose years later.

Other federal cases dealing with claim accrual in the context of sexual abuse have reached similar results. In *Kruesi v Dept. of Corrections,* 2025 WL 1897872 (D. Or. 2025), plaintiff alleged that she had been sexually assaulted by a state employee while incarcerated in 2017. She filed suit February 4, 2025. In response to a motion to dismiss, plaintiff argued that she was not reasonably able to determine until he was prosecuted that the employee's conduct was tortious. The court found from the allegations of the Complaint that plaintiff's actual injury occurred in 2017 when she suffered the sexual assault which was the basis of her federal claim. The court dismissed federal claims based on the 2017 acts as untimely and dismissed the state law claims without prejudice.

Similarly, in *VT v City of Medford,* 2015 WL 300270 (D. Or. 2015) plaintiff alleged that he suffered sexual assault by a Medford police officer in 1981 but did not file suit until decades later. On summary judgment, the court found that the painful nature of the assault and the fact that it happened at the Medford police station were enough that plaintiff's federal claim accrued at the time of the assault. Adding one year for minor tolling, the federal claim accrued when plaintiff turned 19 and the court granted summary judgment for the defense on the federal claims.

Finally, in *Scriber v Peters,* 2023 WL 4074768 (D. Or. 2023), plaintiff was an adult in custody with the Oregon Department of Corrections in 2013 through 2015 and had a sexual relationship with a corrections officer. She filed suit in 2021, alleging federal and state law theories against ODOC and several ODOC executives. On summary judgment, plaintiff contended her case was timely, since she did not recognize the corrections officer had

Page 5 -    STATE DEFENDANTS' MOTION TO DISMISS
JSS/km4/1003768747

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

"groomed" her to be accepting of his advances and that she did not understand the conduct to be tortious until years later. The court found that plaintiff's federal law claims accrued at the time of the abuse: "Plaintiff was aware of her injury and its cause more than two years before she filed suit, and she need not be aware of the full extent of the harm for her cause of action to accrue." Importantly, the court found there could be an issue of fact on whether plaintiff knew of "tortious conduct" for Oregon's discovery rule even though her federal claims were not timely.

The allegations of the Complaint are sufficient to conclude the federal claims accrued at the time of the abuse. Plaintiffs allege that some of the plaintiffs filed grievances (Pg. 1). Plaintiffs allege that Edwards was infamously known as "Dr. Cold Fingers" for abusively touching youth with ungloved hands during exams and that the abusive touching included digitally penetrating anuses, stroking penises and fondling testicles. (Par. 22). Plaintiffs allege that MacLaren staff made jokes about the doctor's conduct and weaponized medical visits by threatening to send youth to "Dr. Cold Fingers" if they misbehaved. (Par. 23). Plaintiffs allege that staff members "glossed over" youths' reports or complaints about Edwards. (Par. 25). Plaintiffs allege that older youth warned newly arrived boys about Edwards. (Par. 26).

Most importantly, each plaintiff alleges that they were touched in a way they did not like by a doctor who they knew worked for OYA. Without more, this is sufficient to trigger claim accrual for the Section 1983 claim.

But most plaintiffs allege more. Plaintiff JM alleges that after his exam he thought something was wrong and alerted staff. (Par. 48). Plaintiff JL alleges that after his exam he was confused and feared being labelled as "gay". (Par. 62). Plaintiff CI alleges that he questioned staff about the doctor's actions. (Par. 68). Plaintiff GS alleges that he felt shame, disgust and humiliation. (Par. 76). Plaintiff JE alleges that he was unclear whether what Edwards did was wrong and discussed it with staff. (Par. 80).

Oregon's "discovery rule" delays claim accrual until plaintiff knew or should have known of: 1) harm; 2) causation; and 3) tortious conduct. *Gaston v Parsons,* 318 Or. 274 (1994).

Page 6 -    STATE DEFENDANTS' MOTION TO DISMISS
JSS/km4/1003768747

The allegations of the Complaint seem aimed at the tortious conduct element: that plaintiffs did not know what Edwards did was wrong until years later.  While such allegations may suffice under Oregon law, as the court in *Scriber* found, there can be an issue of fact on state law claim accrual when there is none on federal claim accrual.

The federal claims accrued at the time plaintiffs knew they had been touched in a way they did not like and knew who did it.  Taken as a whole, the allegations of the Complaint establish accrual of the federal claim either two years from the touching or by each plaintiff's 19th birthday (whichever came later).  Since the case was filed 13 years after the last plaintiff was abused and long after all plaintiffs turned 19, the federal claim is not timely.

## 4.    Conclusion

This motion attacks only plaintiffs' Section 1983 claim.  The allegations of the Complaint are sufficient to establish that the Section 1983 claim accrued more than two years before filing.  The federal claim should be dismissed.

DATED December  29 , 2025.

Respectfully submitted,

DAN RAYFIELD
Attorney General


    s/ James S. Smith
JAMES S. SMITH #840932
NATHANIEL AGGREY #172283
Senior Assistant Attorneys General
Trial Attorneys
Tel (971) 673-1880
Fax (971) 673-5000
James.S.Smith@doj.oregon.gov
Nathaniel.Aggrey@doj.oregon.gov
Of Attorneys for Defendants Oregon Youth
Authority, Adams, Brazeau, Jester, Mink, Peters,
Lawhead, Conzoner, Humphreys, and Thompson

Page 7 -    STATE DEFENDANTS' MOTION TO DISMISS
          JSS/km4/1003768747

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## CERTIFICATE OF SERVICE

I certify that on December  29 , 2025, I served the foregoing STATE DEFENDANTS'

MOTION TO DISMISS PLAINTIFFS' FIRST CLAIM upon the parties hereto by the method

indicated below, and addressed to the following:

Jesse Merrithew
Norah Van Dusen
Sara Long
Levi Merrithew Horst PC
610 SW Alder Street, Suite 415
Portland, OR 97205

___ HAND DELIVERY
___ MAIL DELIVERY
___ OVERNIGHT MAIL
___ TELECOPY (FAX)
 X  E-MAIL
(jesse@lmhlegal.com, norah@lmhlegal.com;
saralong@lmhlegal.com)
___ E-SERVE


Rebecca Roe
Hong Jiang
Benjamin Gauen
Schroeter Goldmark & Bender
410 Union Street, Suite 3400
Seattle WA 98101

___ HAND DELIVERY
___ MAIL DELIVERY
___ OVERNIGHT MAIL
___ TELECOPY (FAX)
 X  E-MAIL
(roe@sgb-law.com, jiang@sgb-law.com ;
gauen@sgb-law.com)
___ E-SERVE



    *s/ James S. Smith*
JAMES S. SMITH #840932
NATHANIEL AGGREY #172283
Senior Assistant Attorneys General
Trial Attorneys
Tel (971) 673-1880
Fax (971) 673-5000
James.S.Smith@doj.oregon.gov
Nathaniel.Aggrey@doj.oregon.gov
Of Attorneys for Defendants Oregon Youth
Authority, Adams, Brazeau, Jester, Mink, Peters,
Lawhead, Conzoner, Humphreys, and Thompson


Page 1 -    CERTIFICATE OF SERVICE
            JSS/km4/1003768660