**Jesse Merrithew**, OSB No. 074564
Email: jesse@lmhlegal.com
**Norah Van Dusen**, OSB No. 180114
Email: norah@lmhlegal.com
**Sara Long**, OSB No. 224433
Email: saralong@lmhlegal.com
Levi Merrithew Horst PC
610 SW Alder Street, Suite 415
Portland, Oregon 97205
Telephone: (971) 229-1241
Facsimile: (971) 544-7092

**Rebecca J. Roe**, WSBA No. 7560
Email: roe@sgb-law.com
**Hong Jiang**, WSBA No. 51914
Email: jiang@sgb-law.com
**Benjamin C. Gauen**, WSBA No. 41815
Email: gauen@sgb-law.com
Schroeter Goldmark & Bender
401 Union Street, Suite 3400
Seattle, Washington 98101
Telephone: (206) 622-8000
Facsimile: (206) 682-2305

**Attorneys for Plaintiffs**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

| | |
|---|---|
| J.M., M.P., J.L., C.I., G.S., AND J.E., <br><br> Plaintiffs, <br><br> vs. <br><br> OREGON YOUTH AUTHORITY, MARCIA ADAMS, KAREN BRAZEAU, ROBERT JESTER, BOBBY MINK, COLETTE PETERS, GARY LAWHEAD, MIKE CONZONER, DARIN HUMPHREYS, SID THOMPSON, AND UNKNOWN STAFFERS #1-15, <br><br> Defendants. | Case No. 3:25-cv-01866-MC <br><br> PLAINTIFFS' RESPONSE TO STATE DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST CLAIM UNDER FED. R. OF CIV. P. 12(b)(6) |

PLAINTIFFS' RESPONSE TO STATE DEFENDANTS' MOTION TO DISMISS FIRST CLAIM - 1 (Case No. 3:25-cv-1866-MC)

**LEVI MERRITHEW HORST PC**
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

**SCHROETER, GOLDMARK & BENDER**
401 Union Street ● Suite 3400
Seattle, WA 98101
Phone (206) 622-8000 ● Fax (206) 682-2305

<u>**MOTION**</u>

Defendant State of Oregon (the "State"), by and through the Oregon Youth Authority ("OYA") and its Directors and Superintendents, seek dismissal of Plaintiffs' Fourteenth Amendment claims under 42 U.S.C. § 1983 pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6), asserting the claims are time-barred. The State's motion disregards the plain allegations of Plaintiffs' Complaint and improperly asks the Court to resolve factual questions about accrual that belong to the jury. The six (6) Plaintiffs in this matter filed their claims within the applicable statute of limitations. The State's motion must be denied.

<u>**MEMORANDUM OF LAW**</u>

**I.      BACKGROUND**

On October 16, 2025, Plaintiffs filed their Complaint, alleging civil rights violations against the OYA and its named and unnamed Directors and Superintendents (ECF No. 1). Plaintiffs' First Claim for Relief is a § 1983 claim against the OYA Directors and Superintendents (hereinafter "OYA Administrators") based on violations of Plaintiffs' Fourteen Amendment right to substantive due process. In summary, Plaintiffs allege they were confined to the MacLaren Youth Correctional Facility ("MacLaren") as adjudicated youth when they were required to come into contact with MacLaren's primary physician Dr. Edward Gary Edwards, who sexually abused Plaintiffs under the guise of providing medical care. (Compl. ¶¶ 21, 29, & 87-92). OYA Administrators failed to take reasonable measures to prevent or stop Dr. Edwards from abusing youth detainees, which constituted a substantial departure from professional judgment, practice, or standards. OYA Administrators' acts and omissions evinced deliberate indifference to Plaintiffs' right to be free from sexual contact with Dr. Edwards. (Compl. ¶¶ 93-99).

PLAINTIFFS' RESPONSE TO STATE DEFENDANTS' MOTION TO DISMISS FIRST CLAIM - 2 (Case No. 3:25-cv-1866-MC)

**LEVI MERRITHEW HORST PC**
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

**SCHROETER, GOLDMARK & BENDER**
401 Union Street ● Suite 3400
Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305

On December 29, 2025, without filing an answer to Plaintiffs' Complaint, the State moved to dismiss Plaintiffs' First Claim for Relief—specifically the § 1983 claims—under Fed. R. Civ. P. 12(b)(6). (ECF No. 12) ("State MTD").

This Response in Opposition to the State's Motion to Dismiss is based on the factual allegations contained in Plaintiffs' Complaint, which must be accepted as true.

## II.  LEGAL STANDARD

Under Fed. R. Civ. P. 12(b)(6), a court may only dismiss a complaint if "it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A court accepts all well-pleaded factual allegations as true and construes them in the light most favorable to the plaintiff. *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1122 (9th Cir. 2008). The statute of limitations is an affirmative defense in which the defendant bears the burden of proof in showing that a complaint is time-barred. *Cal. Sansome Co. v. U.S. Gypsum*, 55 F.3d 1402, 1406 (9th Cir. 1995).

A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when "the running of the statute is apparent on the face of the complaint." *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006). "[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1206 (9th Cir. 1995). Statute of limitations issues generally turn on disputes of fact and are better addressed at summary judgment, not through a motion to dismiss. *Id*. at 1206-07.

PLAINTIFFS' RESPONSE TO STATE DEFENDANTS' MOTION TO DISMISS FIRST CLAIM - 3 (Case No. 3:25-cv-1866-MC)

**LEVI MERRITHEW HORST PC**
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

**SCHROETER, GOLDMARK & BENDER**
401 Union Street ● Suite 3400
Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305

## III.   ARGUMENT

### A. The Discovery Rule Allows Plaintiffs' § 1983 Claims Against OYA Administrators.

There is no specified statute of limitations for an action under 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 266 (1985); *Pouncil v. Tilton*, 704 F.3d 568, 573 (9th Cir. 2012). "[F]ederal courts [therefore] look to the law of the state in which the cause of action arose and apply the state law of limitations governing [the] analogous cause of action." *Pouncil*, 704 F.3d at 573. Claims brought under § 1983 are best characterized as personal injury actions. *Wilson*, 471 U.S. at 276. "[The] forum state's statute of limitations for personal injury torts determines the statute of limitations for a [§] 1983 claim." *Aplin v. Or. Dep't of Corr.*, 2019 WL 1048837, at *2 (D. Or. Mar. 5, 2019). Under O.R.S. 12.110(1), Oregon has a two-year statute of limitations for personal injury torts and therefore, a two-year statute of limitations applies to § 1983 claims. *Bailey v. Hanson*, 247 F. App'x. 889, 889-90 (9th Cir. 2007) (holding that a "Section 1983 action is governed by Oregon's two-year statute of limitations for personal injury actions" under O.R.S. 12.110(1)) (cited pursuant to Ninth Circuit Rule 36-3); *Camarata v. Portland Cmty. Coll.*, 2019 WL 4723769, at *3 (D. Or. Sept. 26, 2019) (same).

While state law determines the length of the applicable statute of limitations, federal law determines when the statute of limitations begins to run for a § 1983 claim. *Pouncil*, 704 F.3d at 573. "[I]t is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief[.]" *Wallace v. Keto*, 549 U.S. 384, 388 (2007). "Aspects of § 1983 which are not governed by state law are governed by federal rules conforming in general to common-law tort principles." *Id.*; *Manuel v. City of Joliet, Ill.*, 580 U.S. 357, 370 (2017) (reemphasizing rule of accrual is primarily based on common law

PLAINTIFFS' RESPONSE TO STATE DEFENDANTS' MOTION TO DISMISS FIRST CLAIM - 4 (Case No. 3:25-cv-1866-MC)

**LEVI MERRITHEW HORST PC**
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

**SCHROETER, GOLDMARK & BENDER**
401 Union Street • Suite 3400
Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305

of torts and placing emphasis on "values and purposes of the constitutional right at issue"). "The general common law principle is that a cause of action accrues when 'the plaintiff knows or has reason to know of the injury.'" *Bonneau v. Centennial Sch. Dist. No. 28J*, 666 F.3d 577, 581 (9th Cir. 2012) (quoting *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999)). *Bonneau* described the discovery rule as requiring discovery of both the fact *and* cause of the injury:

> We have interpreted the "question … [of] what … we mean by injury" with some flexibility, and held that a "claim accrues" not just when the plaintiff experiences the injury, but "when the plaintiff knew or in the exercise of reasonable diligence should have known of the injury and the cause of that injury."

174 F.3d at 581 (quoting *Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d 1044, 1050 (9th Cir. 2008)); *see also Gregg v. Haw. Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017) ("The general common law principle is that a cause of action accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action and the cause of that injury.").

(1)     Plaintiffs' § 1983 Claims Did Not Begin Accruing Until 2025 When They Discovered Their Injuries.

Plaintiffs allege that they were minor children—between the ages of thirteen and sixteen—when Dr. Edwards abused them between 2001 and 2012. (Compl. ¶¶ 46-82). OYA required every youth who entered MacLaren to participate in an initial medical intake examination, periodic physicals, and to receive medical care at the MacLaren clinic. (Compl. ¶ 21). MacLaren's medical clinic was the Plaintiffs' only on-site source of medical care and therefore the Plaintiffs were required to have some level of physical contact with Dr. Edwards for anything from a sore throat to a broken bone. *Id.* Plaintiffs allege that Dr. Edwards only touched their private parts during medical examinations at MacLaren. (Compl. ¶¶ 46-82).

Plaintiffs M.P., G.S., and J.E. allege that they accepted the touching as normal given the medical setting. (Compl. ¶¶ 55-56, 73, & 80).

Plaintiff J.M. alleges that he "thought something was wrong" with the touching and he alerted staff. (Compl. ¶ 48). However, OYA staff told J.M. that Dr. Edwards knew what he was doing and took no other action, which communicated to J.M. that Dr. Edwards' conduct constituted appropriate medical care. (Compl. ¶ 48-49).

Plaintiff J.L. alleges the touching left him "extremely confused" and he believed it was his own fault that he obtained an erection during the exam. (Compl. ¶ 62). Dr. Edwards told him that the doctor-patient privilege prohibited both of them from discussing the medical visit with anybody else. (Compl. ¶ 63). J.L. feared being labeled as "gay" and succumbing to bullying and harassment amongst his youth peers. (Compl. ¶ 63).

Plaintiff C.I. alleges that Dr. Edwards had various excuses for the touching, including testing for testicular cancer. (Compl. ¶ 67). Although C.I. questioned OYA staff about his interactions with Dr. Edwards, staff told Plaintiff C.I. that the doctor knew what he was doing. (Compl. ¶ 68).

None of these six Plaintiffs allege that they knew Dr. Edwards' touching during medical examinations was improper or constituted child sex abuse at the time they were touched. (Compl. ¶¶ 46-82). Rather, as alleged, Plaintiffs did not come to understand or realize that the touching they were subjected to constituted sexual abuse until recently when victims began coming forward in 2025. (Compl. ¶¶ 46-82). Plaintiffs were therefore unaware that Dr. Edwards injured them until 2025 at the earliest. *Id; see Simmons v. U.S.*, 805 F.2d 1363, 1368 (9th Cir. 1986) (recognizing when plaintiff discovered her injuries are questions of fact). Accordingly, the two-year statute of limitations for Plaintiffs' § 1983 claims began to run in 2025 after Plaintiffs discovered the cause

PLAINTIFFS' RESPONSE TO STATE DEFENDANTS' MOTION TO DISMISS FIRST CLAIM - 6
(Case No. 3:25-cv-1866-MC)

**LEVI MERRITHEW HORST PC**
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

**SCHROETER, GOLDMARK & BENDER**
401 Union Street ● Suite 3400
Seattle, WA 98101
Phone (206) 622-8000 ● Fax (206) 682-2305

of their injuries.[1] Because Plaintiffs filed their Complaint on October 10, 2025, their § 1983 claims are timely.

> (2) Plaintiffs' § 1983 Claims Against These Defendants Did Not Accrue Until 2025 When They Discovered The Cause of Their Injuries

It is well established that, for a claim to accrue under Federal common law, the Plaintiff must have discovered both their injury and the cause of the injury. *Bonneau*, 174 F.3d at 581. Even if we were to disregard the well-pleaded facts in the Complaint and conclude that Plaintiffs discovered their injuries around the time the abuse occurred, that alone is insufficient for claim accrual under federal law. Plaintiffs did not sue Dr. Edwards for his constitutional violations. Per their § 1983 clams, they sued OYA Administrators for those Defendants' deliberate indifference to their constitutional rights which caused the constitutional injury perpetrated by Dr. Edwards. Even if Plaintiffs knew of their injuries at the time they occurred, they would have no reason to suspect that these Defendants were the cause of their injuries. They only came to suspect that causal link when the dam began to crack on Dr. Edwards' decades of abuse and these Plaintiffs (along with hundreds more) realized that: a) the uncomfortable medical procedures they underwent were sexually abusive, b) they were far from alone in suffering that abuse, and therefore c) the people in charge of supervising Dr. Edwards, and caring for the Plaintiffs' safety, must have turned a blind eye to that abuse.

The First Circuit analyzed a perfectly analogous situation in *Ouellette v. Beaupre*, 977 F.3d 127 (1st Cir. 2020). The plaintiff in *Ouellette* was sexually abused by a police officer with the City of Biddeford, Maine in the late 1980s. 977 F.3d at 131. In 2015, plaintiff learned about allegations

---

[1] Assuming the statute of limitations begins on January 1, 2025, each Plaintiff would have until January 1, 2027, to file their § 1983 claims.

**LEVI MERRITHEW HORST PC**
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

**SCHROETER, GOLDMARK & BENDER**
401 Union Street ● Suite 3400
Seattle, WA 98101
Phone (206) 622-8000 ● Fax (206) 682-2305

of sexual abuse by multiple Biddeford police officers including the perpetrator of his abuse through social media. *Id*. at 133. He filed his lawsuit in 2015 alleging a *Monell* claim against the City of Biddeford and a claim against the perpetrator's supervisor. The district court dismissed the case on statute of limitations grounds at summary judgment. *Id*. at 134. The district court concluded that his claims against the City and supervisor accrued at some point in the late 1980s because he was aware of the perpetrator's employment with the City which provided him with enough information for his claims to accrue. *Id*. The First Circuit reversed.

The First Circuit started its analysis with a recognition that § 1983 does not incorporate the concept of respondeat superior. *Id*. at 140. "Rather, a § 1983 claim premised on a theory of supervisory liability must plead an 'affirmative link between the behavior of a subordinate and the action or inaction of his supervisor.'" *Id*. (internal citation omitted). Therefore, the court reasoned, "Any knowledgeable attorney that [plaintiff] consulted around the time of his alleged abuse would have told him of these standards and would not have advised him to file a lawsuit against [the supervisor] and the City of Biddeford in the absence of additional information suggesting that they were also a cause of his injury." *Id*. As a result, the First Circuit concluded that "a reasonable jury could find that [plaintiff] had no duty to diligently investigate his claims against appellees prior to 2015, when the social media posts and press coverage first publicized [the supervisor] and the City of Biddeford's alleged deliberate indifference to the sexual abuse of minors by BPD officers, thus alerting [plaintiff] that their actions or inaction may have also been a cause of his injury." *Id*. at 145.

Plaintiffs here alleged in their complaint: "News broke in March 2025 of [Dr.] Edwards' predatory abuse that spanned decades and OYA's knowledge of complaints from youth and parents, suggesting that officials had engaged in deliberate cover ups for years." (Compl. at 3).

**LEVI MERRITHEW HORST PC**
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

**SCHROETER, GOLDMARK & BENDER**
401 Union Street ● Suite 3400
Seattle, WA 98101
Phone (206) 622-8000 ● Fax (206) 682-2305

Additionally, with respect to each individual Plaintiff, they alleged that they only learned about this scandal recently. (Compl. ¶¶ 50-51, 58, 64, 69, 74, 81). Just as was the case in *Ouellette*, the Plaintiffs here had no reason to know, or duty to investigate, these Defendants' role in their abuse until these stories began to appear. Unlike the plaintiff in *Ouellette*, who conceded that the statute of limitations against the perpetrator ran prior to the time of filing, these Plaintiffs further had no duty to investigate because they did not even know that what happened to them was abuse.

To the best of counsel's knowledge, the Ninth Circuit has yet to address this specific issue, although the logic is consistent with *Bonneau*, as noted. However, the First Circuit is not alone. The Oregon Supreme Court came to the same conclusion applying federal law in 2008. *See T.R. v. Boy Scouts of America*, 344 Or. 282, 291-92 (2008). And this Court found that logic persuasive in *Duncan v. Oregon*, 2007 WL 789433, at *5 (D. Or. Mar. 14, 2007). The Sixth Circuit expressly adopted the logic of *Ouellette* in the context of a Title IX lawsuit against a university for its role in allowing sexual abuse. *Snyder-Hill v. Ohio State Univ.*, 48 F.4th 686, 701 (6th Cir. 2022). Each of these courts recognized that, particularly in the context of sexual abuse, the question of accrual is highly fact intensive and generally must be resolved by the jury.

    (3)    <u>OYA Administrators' Factual Arguments Fail to Show Beyond Doubt That Plaintiffs' § 1983 Claims Are Untimely.</u>

Citing allegations in the Complaint's introduction, titled "Nature of Action,[2]" and the Complaint's "General Allegations,[3]" OYA Administrators argue that Plaintiffs' allegations "are *sufficient* to conclude the federal claims accrued at the time of the abuse." State MTD at 6 (emphasis added). However, the issue before the Court is not whether OYA Administrators have

---

[2] Compl. at 3.

[3] Compl. ¶¶ 22-29

**LEVI MERRITHEW HORST PC**
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

**SCHROETER, GOLDMARK & BENDER**
401 Union Street ● Suite 3400
Seattle, WA 98101
Phone (206) 622-8000 ● Fax (206) 682-2305

established the date of accrual by sufficient evidence. Rather, the Court must determine whether Plaintiffs' Complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). When a complaint's allegations are capable of more than one inference, the court must adopt whichever plausible inference supports a valid claim. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011); *see also Johnson v. State of Calif.*, 207 F.3d 650, 653 (9th Cir. 2000) (liberal construction rule particularly important in civil rights cases).

Here, Plaintiffs have expressly pled that either they were unaware of their injury or the cause of such injury until 2025. Indeed, OYA's conduct caused Plaintiffs to believe that Dr. Edwards' behavior was standard medical care, a belief reinforced by OYA staff's repeated assurances that it was. (Compl. ¶ 29). Plaintiffs allege that they reasonably relied upon those assurances. *Id.* OYA Administrators' central argument—that "each plaintiff alleges that they were touched in a way they did not like by a doctor who they knew worked for OYA"—misses the mark. State MTD at 6. The motion improperly focuses the Court's inquiry on when the touching occurred, rather than on when each Plaintiff discovered that his injuries were caused by sexual abuse disguised as legitimate medical care. Given Plaintiffs' express allegations that they accepted the touching as appropriate—either because of the medical setting that the touching occurred in or because of OYA staffs' assurance that the touching was medically appropriate—this Court should find a plausible inference from the Complaint that Plaintiffs were not in a position to discover they had been injured, let alone the cause of those injuries, until 2025. Plaintiffs' allegations, particularly those found in paragraphs 46 through 82 of the Complaint, therefore contain sufficient factual matter to state a claim for relief that is plausible on its face.

PLAINTIFFS' RESPONSE TO STATE DEFENDANTS' MOTION TO DISMISS FIRST CLAIM - 10 (Case No. 3:25-cv-1866-MC)

**LEVI MERRITHEW HORST PC**
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

**SCHROETER, GOLDMARK & BENDER**
401 Union Street ● Suite 3400
Seattle, WA 98101
Phone (206) 622-8000 ● Fax (206) 682-2305

Moreover, OYA Administrators' reliance on *Kruesi v. Dept. Of Corrections,* 2025 WL 1897872 (D. Or. 2025), *V.T. v. City of Medford*, 2015 WL 300270 (D. Or. 2015), *Doe v. County of Josephine*, 2015 WL 2412181 (D. Or. 2015), and *Scriber v. Peters,* 2023 WL 4074768 (D. Or. 2023) is misplaced because the facts and circumstances in those cases are markedly distinguishable from the allegations in Plaintiffs' Complaint.

In *Kruesi*, the female plaintiff Kruesi filed a § 1983 claim against the Department of Corrections alleging a male nurse practitioner repeatedly sexually assaulted her, including digitally penetrating her rectum and vagina without her consent when she was an adult prisoner. *Kruesi,* at *1. Kruesi alleged in her complaint that during the spring and summer of 2017 she was "intentionally subjected . . . to harmful or offensive sexual touching to which she did not consent" that caused her to suffer "extreme emotional distress." *Id.,* at *3. Yet Kruesi argued that her claim did not accrue until her abuser's 2023 criminal trial because "[p]laintiff was not reasonably able to discover that [her abuser's] actions constituted tortious conduct until the criminal process was well underway." *Id.* In ruling on the defendant's Fed. R. Civ. Pro. 12(b)(6) motion, *Kruesi* determined from the complaint that Kruesi knew that harm was done to her at the time she suffered the actual injuries in 2017 and therefore her claims accrued at that time. *Id. Kruesi* dismissed the plaintiff's § 1983 claim as time-barred because it accrued in 2017 and was subjected to a two-year statute of limitations but not filed until 2023. *Id.*

In *V.T.*, the plaintiff V.T. filed a § 1983 claim against the City of Medford alleging that city police officers handcuffed him, pulled his pants down, and twice inserted a nightstick into his rectum in December 1981 when he was a 16-year-old minor in the custody of police. *V.T.,* at *1. V.T. alleged that "the pain he experienced was intense, rating it a '10' on a scale of one to ten." *Id.* He further alleged that during this incident he urinated on his clothes, screamed in pain for his

father, and that another person entered the room during the incident and "told the officers that they 'shouldn't be doing that.'" *Id.* V.T. disclosed the abuse to a mental health counselor in 2017 and filed his tort claim notice in 2018. *Id.* In granting the defendant's motion for summary judgment, *V.T.* found that the plaintiff's alleged abuse was extremely painful and constituted a direct and violent abuse allegation. *Id.* at *3. Further, *V.T.* found that the plaintiff was aware of his injury, it happened in police custody at a police station and witnessed by an unknown third person. *Id.* Accordingly, the court ruled that the plaintiff's claims accrued in December 1981 during the abuse incident.

In *Doe,* multiple plaintiffs filed § 1983 claims against Josephine County alleging one of its juvenile probation officers sexually abused them as minors in the 1980s and 1990s. *Doe,* at *1. In ruling on the defendant's summary judgement motion, *Doe* found that the plaintiffs "admit that they knew they had been abused by [the probation officer], and no plaintiff assert[ed] that he did not know or realize that [the probation officer]'s abuse caused him injury at the time." *Id.* at *2. The court also noted that "given plaintiffs' allegations about the severity of the abuse, they would have known that the [probation officers]'s actions caused them injury." *Id.* The plaintiffs in *Doe* attempted to argue that their § 1983 claims did not accrue until they became aware that their lifelong, psychological injuries were caused by the sexual abuse they endured. *Id.* at *3. However, *Doe* cited well-settled law establishing that a cause of action accrues even though the full extent of the injury is not then known or predictable. *Id.*

Finally, in *Scriber*, a plaintiff filed a § 1983 claim against Department of Corrections administrators for sexual misconduct she was subjected to by a corrections officer while in custody as an adult prisoner. *Scriber*, at *1-*2. The plaintiff alleged that she discovered her injury after she was introduced to the concept of "grooming" a victim for sexual abuse approximately six years

PLAINTIFFS' RESPONSE TO STATE DEFENDANTS' MOTION TO DISMISS FIRST CLAIM - 12 (Case No. 3:25-cv-1866-MC)

**LEVI MERRITHEW HORST PC**
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

**SCHROETER, GOLDMARK & BENDER**
401 Union Street ● Suite 3400
Seattle, WA 98101
Phone (206) 622-8000 ● Fax (206) 682-2305

after she was released from prison. *Id.* at *1. In ruling on the defendant's summary judgment motion, *Scriber* found the plaintiff was aware of her injury and its cause more than two years before she filed suit, and she need not be aware of the full extent of the harm for her cause of action to accrue. *Id.* at *3. The court's ruling turned on when the plaintiff knew she was harmed and that the defendants caused the harm. Indeed, the plaintiff had previously reported to a counselor that she had flashbacks and intrusive thoughts about her relationships with the corrections officer. *Id.* at *1. The court therefore found that more than two years before she filed suit the plaintiff was aware of mental and emotional harm she had suffered because of the relationship. *Id.*

Here, unlike the facts and circumstances in *Kruesi*, *Doe*, and *V.T.,* Plaintiffs did not know they were injured and/or the cause of their injuries at the time Dr. Edwards touched them. Plaintiffs do not allege that Dr. Edwards violently assaulted them. They do not allege that they experienced immediate physical injury. They do not allege that they knew the touching was sexually motivated or constituted sex abuse. They do not allege that they suffered extreme emotional distress at the time of the touching. Rather, Plaintiffs allege they were touched under the guise of legitimate medical care in a medical clinic by a medical doctor they were required to see. Although the touching may have caused discomfort or confusion for some of the Plaintiffs at the time, Plaintiffs did not know, and could not know, the cause of their injuries because Dr. Edwards and OYA Administrators assured them that the touching was medically appropriate. Moreover, unlike the plaintiff in *Scriber*, Plaintiffs have expressly pled that they did not recognize their injuries and the cause of them until a time that is well within the applicable two-year statute of limitations.

Although the previously discussed case law that OYA Administrators rely on is misplaced, *St. Clair v. County of Okanogan*, 154 F.4th 1154 (9th Cir. 2025) is directly applicable to Plaintiffs' allegations. The Ninth Circuit opened its decision in *St. Clair* by emphasizing that the appeal

PLAINTIFFS' RESPONSE TO STATE DEFENDANTS' MOTION TO DISMISS FIRST CLAIM - 13
(Case No. 3:25-cv-1866-MC)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

SCHROETER, GOLDMARK & BENDER
401 Union Street ● Suite 3400
Seattle, WA 98101
Phone (206) 622-8000 ● Fax (206) 682-2305

"highlights the importance of careful application of the statute of limitations in sexual assault cases." *Id.* at 1156. In *St. Clair*, the plaintiff filed a filed § 1983 claim against an Okanogon Sheriff Deputy and his employer because of the Deputy's sexual misconduct towards the plaintiff. *Id.* In exchange for unwanted sexual activity with the Deputy, the plaintiff avoided criminal investigation for her known involvement in criminal activity. *Id*. St. Clair alleged the Deputy's conduct began in 2014 and continued through the fall of 2021, despite the fact that the Sheriff's Department had been put on notice about the misconduct starting in 2014. *Id.* at 1156-57. St. Clair alleged that she could not consent to sex with the Deputy or to his sexual advances because she was coerced. *Id.* at 1157.

Like the Plaintiffs in the instant case, St. Clair alleged she only came to understand that she had been harmed when she read a news article in November 2021 detailing the Deputy's inappropriate sexual conduct with other similarly situated women. *Id.* After learning of the Deputy's pattern of behavior, St. Clair realized the Deputy used "his position of authority to manipulate her and control her for years." This realization caused her to start experiencing emotional distress, including anxiety, trauma, distrust of authority, and depression. *Id.* at 1157. St. Clair filed her initial complaint on September 26, 2023, followed by the defendant filing a 12(b)(6) motion to dismiss, arguing St. Clair's claims were barred by the statute of limitations. *Id.* at 1158. The district court granted defendant's motion, dismissing St. Clair's claims against the Deputy with prejudice. *Id.* St. Clair appealed.

Because St. Clair argued on appeal that she did not understand the cause of her injuries until long after the sexual encounters, the Ninth Circuit analyzed the accrual of the plaintiff's claims of misconduct that occurred before the statute of limitations expired. *Id.* at 1159. In assessing plausibility at the motion-to-dismiss stage, *St. Clair* emphasized the plaintiff's

PLAINTIFFS' RESPONSE TO STATE DEFENDANTS' MOTION TO DISMISS FIRST CLAIM - 14
(Case No. 3:25-cv-1866-MC)

**LEVI MERRITHEW HORST PC**
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

**SCHROETER, GOLDMARK & BENDER**
401 Union Street ● Suite 3400
Seattle, WA 98101
Phone (206) 622-8000 ● Fax (206) 682-2305

circumstances: "Struggling with addiction, fearful of criminal liability, and coerced by [the Deputy] into sexual acts, St. Clair sufficiently alleges evidence at the motion to dismiss stage that the delayed realization of her injuries justifies the delayed filing." *Id.* at 1160. In so holding, the court acknowledged "the power imbalance between a law enforcement officer and a vulnerable victim of sexual assault may result in a delayed realization of the underlying harm." *Id.* The court further observed, as it had previously recognized, that "'[m]any victims of sexual assault feel so upset, embarrassed, humiliated and ashamed about the assault that they do not tell anyone that it occurred.'" *Id.*, (quoting *Mousa v. Mukasey*, 530 F.3d 1025, 1027 (9th Cir. 2008)). Responding to the district court's finding that St. Clair was aware of the power imbalance at the time of the sexual misconduct, the court explained that there was "ample daylight between that awareness and awareness that such authority is being wielded inappropriately. Indeed, precisely 'what St. Clair knew and when she knew it are questions of fact,' better left for a jury.'" *Id.*, citing *Simmons*, 805 F.2d at 1368. The court ultimately held that St. Clair plausibly alleged sufficient facts that the accrual of her claims were delayed. *Id.*

The holding and rationale of *St. Clair* apply here. Plaintiffs' § 1983 claims accrued not merely when they were subjected to uncomfortable touching in the medical clinic, but when Plaintiffs knew—or in the exercise of reasonable diligence should have known—of both the injury and its cause. Plaintiffs allege a comparable power imbalance between Dr. Edwards and OYA staff, on the one hand, and Plaintiffs—minor boys as young as thirteen years old, detained in a locked facility and required to submit to medical examinations—on the other. Plaintiffs depended on Dr. Edwards and OYA staff to provide legitimate medical care and a safe environment. Under the guise and reassurance of legitimate medical treatment, Plaintiffs plausibly allege a delayed realization of their injuries, which are circumstances squarely consistent with *St. Clair's* careful

PLAINTIFFS' RESPONSE TO STATE DEFENDANTS' MOTION TO DISMISS FIRST CLAIM - 15 (Case No. 3:25-cv-1866-MC)

**LEVI MERRITHEW HORST PC**
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

**SCHROETER, GOLDMARK & BENDER**
401 Union Street ● Suite 3400
Seattle, WA 98101
Phone (206) 622-8000 ● Fax (206) 682-2305

application of the statute of limitations in sexual assault cases. What occurred when Plaintiffs were vulnerable young boys, and when they discovered the nature of their injuries, are fact-intensive questions that must be resolved by a jury, not on a Rule 12(b)(6) motion. Accordingly, OYA Administrators' Rule 12(b)(6) motion must be denied.

## IV.    CONCLUSION

For the reasons stated above, Plaintiffs respectfully ask the Court to deny the State's Fed. R. Civ. 12(b)(6) motion to dismiss Plaintiffs' § 1983 claims so the parties can proceed to discovery.

**DATED** this 12th day of January, 2026.

LEVI MERRITHEW HORST PC

s/ Jesse Merrithew
JESSE MERRITHEW, OSB # 074564
NORAH VAN DUSEN, OSB # 180114
SARA LONG, OSB # 224433
610 SW Alder Street, Suite 415
Portland, OR 97205-3605
Tel: (971) 229-1241
Email: jesse@lmhlegal.com
Email: norah@lmhlegal.com
Email: saralong@lmhlegal.com
SCHROETER GOLDMARK & BENDER

s/ Benjamin Gauen
REBECCA J. ROE, WSBA #7560
HONG JIANG, WSBA # 51914
BENJAMIN C. GAUEN, WSBA # 41815
401 Union Street, Suite 3400
Seattle, WA  98101
Tel:  (206) 622-8000 | Fax:  (206) 682-2305
Email: roe@sgb-law.com
Email: jiang@sgb-law.com
Email: gauen@sgb-law.com

***Counsel for Plaintiffs***

PLAINTIFFS' RESPONSE TO STATE DEFENDANTS' MOTION TO DISMISS FIRST CLAIM - 16 (Case No. 3:25-cv-1866-MC)

**LEVI MERRITHEW HORST PC**
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

**SCHROETER, GOLDMARK & BENDER**
401 Union Street ● Suite 3400
Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305